**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MICHELLE HOUCKS; et al.
                Plaintiffs,

v.                                            Case No. 2:23-cv-02489-TC-BGS

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KANSAS; et al.,
                Defendants.

**Reply in Support of Motion to Dismiss, Doc. 19**

The Unified Government of Wyandotte County and Kansas, City, Kansas; Thomas Dailey; James Swafford; Ronald Miller; Terry Zeigler, Michael Kill, Clayton Bye and Dennis Ware (collectively "these Defendants" or "these moving Defendants" which includes all defendants other than defendant Roger Golubski) submit this reply in support of their motion to dismiss, *Doc. 19*.

**I. Reply Argument and Authorities**

**A.    Standard of Review. The complaint is replete with formulaic, conclusory allegations unsupported by factual allegations.**

Plaintiffs criticize the lack of "specific examples" of the "replete with formulaic, conclusory allegations unsupported by factual allegations" from the 132-page, 537-paragraph complaint. The Court is perfectly capable of reviewing and recognizing the pervasive use of such allegations and quoting the complaint at length is an inefficient use of a 25-page limit.

**B.    The statute of limitations bars plaintiffs' claims.**

Plaintiffs argue the statute of limitations is a fact question. *Doc. 24, pp. 3-5*. Not so.

    **1.    Federal law borrows the limitations periods from the state in which the claim arose.**

Plaintiffs do not dispute that the limitations period for a § 1983 claim is dictated by the

personal injury statute of limitations in the state in which the claim arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) other than the purious argument about the "Notwithstanding Clause" which his addressed, *infra* in § B.5.

**2. Plaintiffs' claims are barred by Kansas' two-year statute of limitations in K.S.A. § 60–513(a)(4).**

Plaintiffs do not dispute that the applicability of the two-year statute of limitations under K.S.A. 60-513(a)(4).

**3. Accrual: Plaintiffs' claims accrued between 1992 and 2002.**

Plaintiffs do not dispute that their claims accrued no later than 2002.

**4. There is no tolling for plaintiffs' claims and estoppel does not apply. Plaintiffs' complaint does not plead facts warranting application of equitable estoppel principals to avoid the statute of limitations.**

Plaintiffs claim, "Defendants confuse equitable tolling with equitable estoppel." *Doc. 24, 3*. Not so. There is no confusion. The Complaint referred both to estoppel and tolling and these defendants addressed both in their motion to dismiss.

Plaintiffs acknowledge that equitable tolling "has no bearing on this case." *Id.*, at 3-4. Plaintiffs' response removes the ambiguity from their Complaint as to their claimed basis for avoiding the statute of limitations, stating plaintiffs rely on equitable estoppel to toll the statute of limitations. *Doc. 24*, at 3-5. Plaintiffs then rely on the length of the Complaint and argue the sheer volume of words in the pleading must mean that plaintiffs' have alleged sufficient <u>facts</u> to avoid the statute of limitations. *Id.*, at 4 ("Defendants simply cannot dismiss away the Complaint's *one hundred and thirty-two pages …*"). Plaintiffs' response fails to apprehend or acknowledge the dearth of non-conclusory factual allegations against these defendants. Defendants' opening brief identified <u>all</u> the specific allegations against these defendants. *See Doc. 19*, at 4-5. None of the allegations against any of these defendants shed any light, nor any

reflected light, showing that any of these defendants induced any plaintiff to believe certain facts existed such that any plaintiff could have reasonably relied on acts, representations, admissions, or silence when any of these defendants had a duty to speak. *See Rockers v. Kansas Tpk. Auth.*, 268 Kan. 110, 116, 991 P.2d 889 (1999).

Plaintiffs bear the burden of alleging specific facts to defeat the clearly applicable statute of limitations on a theory of equitable estoppel. *See Rockers* 268 Kan. at 116; and *United American State Bank & Trust Co. v. Wild West Chrysler Plymouth, Inc.*, 221 Kan. 523, 527, 561 P.2d 792 (1977). The collective allegations cited by plaintiffs at pages 4-5 of their response, *doc. 24*, do not meet their burden. Such collective allegations do not:

1. make clear exactly who is alleged to have done what to whom,

2. state or identify who acted, made a representation, made an admission, or was silent when there was a duty to speak, or

3. state or identify the recipient/victim of any action, representation, admission, or silence when there was a duty to speak.

In this action seeking to impose personal liability on multiple government officials, collective allegations are insufficient as it is particularly important that the pleading make clear exactly who is alleged to have done what to whom. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir.2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.2008). The necessity of such specific factual allegations is illustrated by the explanation by the court in *Robinson v. Shah*, stating that equitable estoppel is a way of saying the statutes of limitations and repose "would be absolute defenses to this action" but because of a specific defendant's conduct, that defendant and only that defendant "will not be permitted to raise those defenses." 23 Kan. App. 2d 812, 829, 936 P.2d 784 (1997).

"Estoppel will not be held to exist where facts are ambiguous or subject to more than one

construction." *Rockers*, 268 Kan. at 116. Plaintiffs cannot base their claim of estoppel on their own acts or omissions induced by their own conduct. *Id.* at 118–19. Plaintiffs cite no case holding that equitable estoppel could apply on the facts alleged in the complaint.

> To apply the doctrine of estoppel to defendants here upon the ground of the statute of limitations requires an element of deception upon which the plaintiff acted in good faith in reliance thereon to his prejudice whereby he failed to commence the action within the statutory period.

*Klepper v. Stover*, 193 Kan. 219, 222, 392 P.2d 957 (1964). There is no deception alleged and no reasonable reliance alleged. Nothing in the complaint or in the response touches on or establishes that any plaintiff rightfully relied on any act, representation, admission, or silence when there was a duty to speak in refraining from commencing a timely action 20 or 30 years ago, within two years of the accrual of plaintiffs' causes of action. The lack of rightful reliance is fatal to an assertion of equitable estoppel. *Rockers,* 268 Kan. at 118-19.

### 5. The so-called "Notwithstanding Clause" did not abolish statutes of limitations under § 1983.

Controlling precedent from the United States Supreme Court and the Tenth Circuit provides the limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). Plaintiffs' argument otherwise is belied by Congress' enactment of § 1988(a).

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; ***but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held***, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause

….

42 U.S.C. § 1988(a).[1] This court is bound by the United States Supreme Court's decision in *Wallace*, *supra*, and *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The two-year statute of limitations under K.S.A. 60-513(a)(4) governs. *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006).

### 6. The statute of repose bars plaintiffs' claims.

Statutes of repose, distinct from statutes of limitations, are not precluded from application. *Bd. Of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 488 (1980).

### C. The Complaint fails to state a familial association claim under § 1983.

Plaintiffs cite *J.B. v. Washington Cnty.*, 127 F.3d 919 (10th Cir. 1997) as authority for the familial association claims by plaintiffs Quinn, Newsom, and Williams. *Doc. 24*, at 13. *J.B.* involved a claim challenging the removal of a child from the plaintiff's home during a child abuse investigation. That case observed the "right of familial association is included in the substantive due process right of freedom of intimate association, which is 'consonant with the right of privacy.'" 127 F.3d at 927 (quoting *Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993)). That right of familial association falls within substantive due process rights which balances the plaintiff's liberty interests against the relevant state interests. *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982)) This requires weighing plaintiffs' rights of familial association against the government's interest.

Plaintiff Quinn's familial association claim is based on the murder of her cousin Doniel Quinn (by persons other than any defendant) and the alleged threat to take her children if she

---

[1] The emphasized text has been part of the statute since it's enactment by the 39th Congress in 1866. *See,* Act of April 9, 1866, § 3, 14 Stat. 27. U.S. Statutes at Large, Volume 14 - 1867, 39th Congress. United States, Retrieved from the Library of Congress, https://www.loc.gov/item/llsl-v14/.

{T0481045}                                                    5

didn't identify McIntyre as the shooter of Doniel Quinn. Quinn's allegations simply do not fall within the ambit of the right of familial association under the Fourteenth Amendment. *See Trujillo v. Board of County Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985); *Doe v. Woodard*, 912 F.3d 1278, 1301 (10th Cir. 2019) (familial association claim requires that state actor directed conduct at the familial relationship with the intent to interfere with the right of familial association). Quinn's children were not taken by defendants or anyone else. The complaint does not allege Quinn's cousin was murdered by any defendant or that he was murdered with the intent of interfering with Plaintiff Quinn's right of familial association. The complaint does not plausibly allege Quinn was deprived of her right of familial association.

Plaintiff Newsom's familial association claim is also based on the murder of Doniel Quinn, her son, by persons other than any defendant. The complaint does not allege Newsom's son was murdered by any defendant or that he was murdered with the intent of interfering with Plaintiff Newsom's right of familial association. The complaint does not plausibly allege Newsom was deprived of her right of familial association.

Plaintiff Williams' familial association claim is based on the arrest and conviction of her twin sons for the murders of Wilbur and Wilma Williams. The complaint does not allege the absence of probable cause for the arrest and conviction of her sons, nor does it allege any act by any defendant with the intent of interfering with Plaintiff Williams' right of familial association. The complaint does not plausibly allege Williams was deprived of her right of familial association.

**D.     The Complaint fails to state a claim under § 1983 for failure to intervene**

The Complaint and plaintiffs' response, *Doc.* 24, are less than clear about which constitutional right of each plaintiff was violated by these defendants or how:

1)      Houcks alleges she was raped by Roger Golubski in September 1992. *Doc. 1*, ¶¶ 56-66.

2) Newsom alleges her son, Doniel Quinn, was murdered April 15, 1994 (not by any defendant). Newsom alleges she was propositioned or "harassed" during the investigation of that murder by Roger Golubski in the "days" and "weeks" following the murder. *Id.*, ¶¶ 74-113.

3) Quinn alleges Roger Golubski threatened to "take Quinn's children away, who would never again be seen by Quinn. *Id.,* ¶ 130. And Quinn alleges Ware was with Golubski and that they conducted and impermissibly suggestive identification procedure on April 16, 1994, *Id.*, ¶ 125, and supposedly falsified details of her this identification of Lamonte McIntyre as the suspect. *Id.*, ¶ 126.

4) Williams alleges Golubski raped her after the execution of a search warrant at her home on August 8, 1999, and after her twin sons were arrested for murder. She also alleges Zeigler investigated the case against her twin sons. *Id.,* ¶¶ 153-177.

5) Miller alleges she was detained for 19 hours and questioned by Detectives Kill and Bye. Miller awakened on June 4, 2002, and that Detective Kill rubbed her shoulders and propositioned her. *Id.,* ¶¶ *178-193*. This was 21 years 4 months preceding the filing of the Complaint.

A constitutional violation for a failure to intervene requires that the plaintiff plausibly allege:

> that 1) a government officer violated his constitutional rights, 2) a different government actor (the defendant) observed or had reasons to know about that constitutional violation, and 3) the defendant had a realistic opportunity to intervene, but failed to do so.

*Bledsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022). The complaint does not allege:

1) That any of these defendants knew of Golubski's alleged rape of Houcks and/or that any defendant had a realistic opportunity to intervene,

2) That any of these defendants knew Newsom's rights were being violated and/or that any

defendant had a realistic opportunity to intervene,

3) That any of these defendants knew of Golubski's alleged rape of Williams and/or that any defendant had a realistic opportunity to intervene; or any of these defendants knew Williams' rights were being violated and/or that any defendant had a realistic opportunity to intervene,

4) That any of these defendants knew of Nikko Quinn's rights were being violated and/or that any defendant had a realistic opportunity to intervene,

5) That any of these defendants knew Miller's rights were being violated and/or that any defendant had a realistic opportunity to intervene,

The Tenth Circuit also held, in *Bledsoe*, the individual defendants were entitled to qualified immunity because the failure-to-intervene claim was not clearly established in 1999 and plaintiffs could not meet their burden of showing the alleged violation was clearly established. *Id*., at 617 n.25 (citing *Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015)). Similarly, the Tenth Circuit held in *Shaw v. Schulte*, that the duty to intervene was not clearly established by the 2008 decision in *Vondrak v. City of Las Cruces*, 535 F.3d 1198 (10th Cir. 2008). *Shaw v. Schulte*, 36 F.4th 1006, 1014 (10th Cir. 2022). Thus, the complaint neither alleges a constitutional violation for a failure to intervene or that such a right was clearly established at the time of the events alleged in the complaint.

**E.     The Complaint fails to state a § 1983 conspiracy claim against these defendants.**

Plaintiffs' conspiracy claim fails because the Complaint fails to allege specific facts showing an agreement and concerted action between the defendants to violate any plaintiff's constitutional rights. *See Shimomura v. Carlson*, 811 F.3d 349, 359 (10th Cir. 2015). To overcome a motion to dismiss, a plaintiff must plead facts to establish a plausible claim, meaning the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678-79; *Shimomura*, 811 F.3d at 359; *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 534 (10th Cir. 1998). Plaintiffs' allegations with regard to their conspiracy claims against these defendants are speculative and conclusory, and as such, they do not state a plausible claim for relief.

Plaintiffs deflect the deficiencies in their complaint's use of collective references and allegations regarding "defendants" citing to *Bledsoe*, 53 F.4th at 609-10. *Doc. 24*, at 11. In *Bledsoe*, the Tenth Circuit held "***occasional*** use of collective references to 'the Defendants' or 'Defendant Officers' does not automatically defeat his [conspiracy] claims." 53 F.4th at 609. This was so, in *Bledsoe*, because the court viewed the collective allegations in tandem with the factual allegations elsewhere in the complaint that did identify specific actions taken by each individual defendant "showing an agreement and concerted action among defendants." 53 F.4th at 608-09. Plaintiffs' complaint lacks those specific allegations elsewhere.

The non-conclusory allegations in the Complaint fail to identify the specific goal of the alleged conspiracy, nor do they identify specific actions any defendants allegedly took to carry out the alleged plan. See *Tonkovich*, 159 F.3d at 533, and *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

**F.     The Complaint fails to state a claim for supervisor liability under § 1983.**

The supervisor liability claims fail because the complaint does not allege personal participation by any of these defendants in a constitutional violation nor any affirmative link between their conduct any such violation.

**G.     Plaintiff Williams' claims which are predicated on the convictions of her sons, if any, are barred by *Heck v. Humphrey*.**

Plaintiff Williams' claim is puzzling given the vehemence with which the response

argues *Heck* does not apply. To the extent her claims are predicated on the alleged wrongful arrest and/or conviction of her sons, the *lack* of probable cause for their arrest and conviction is an essential element to her claims. *See e.g.*, *Reichle v. Howards*, 566 U.S. 658, 668 (2012) (claim of a constitutional violation based on improper animus by state actor requires that the plaintiff plead and prove the absence of probable cause). To the extent Williams' claim necessarily implies the invalidity of the convictions of her sons, that claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

**H.     The complaint fails to state a Monell claim.**

There is no underlying violation by the individual defendants. The Unified Government is entitled to dismissal of the *Monell* claim against it.

**I.     The individual officer defendants are entitled to qualified immunity.**

It is plaintiff's heavy two-part burden to show that a defendant's actions violated a constitutional right and that the right was clearly established at the time of the conduct at issue. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Plaintiffs make no effort to cite any case from the applicable period, from 1992-2002, that clearly establishes that any of these defendants' alleged conduct violated clearly established rights.

Footnote 20 on page 21 of the response, *Doc. 25*, cites a host of case but wholly fails to tie those cases to the claims or facts of this case or show how those cases would have put Thomas Dailey, James Swafford, Ronald Miller, Terry Zeigler, Michael Kill, Clayton Bye and/or Dennis Ware that their specific conduct violated the law at the time of the alleged conduct.

- *Bledsoe* is cited for in reference to that falsifying evidence is a constitutional violation—no plaintiff asserts a claim that they were seized or prosecuted based on falsified evidence;

- *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992) involves a claim of

workplace harassment—which is not alleged by any plaintiff;

- *Cortez v. McCauley*, 478 F.3d 1108, 1124 (10th Cir. 2007) involves warrantless entry in a home, which is not a claim by any plaintiff;

- *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) involves a claim for warrantless arrest without probable cause—no plaintiff was arrested;

- *Malik v. Arapahoe Cnty. Dep't of Soc. Servs.*, 191 F.3d 1306, 1315 (10th Cir. 1999) was a case of removing a child during an abuse/neglect investigation—which has no bearing on any plaintiffs' claim;

- *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1241 (10th Cir. 1999) involves a supervisor liability for personal participation causing a constitutional violation—which is too general a proposition for application to any claim by plaintiffs;

## V. Conclusion

Plaintiffs' claims against these defendants should be dismissed in their entirety for failure to state a claim upon which relief may be granted.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cbranson@fpsslaw.com

**s/David R. Cooper**
David R. Cooper                                    #16690
Charles E. Branson                                 #17376
Attorneys for Defendants Unified Government of Wyandotte County and Kansas, City, Kansas; Thomas Dailey; James Swafford; Ronald Miller; Terry Zeigler, Michael Kill, Clayton and Dennis Ware

*-and-*

<div style="margin-left: 40%;">
Daniel E. Kuhn, # 20429  
Unified Government of Wyandotte County/Kansas City, Kansas  
Legal Department  
701 N. 7th Street, Suite 961  
Kansas City, Kansas 66101  
dkuhn@wycokck.org  
Tel: (913) 573-5060 | Fax: (913) 573-5243  
Attorneys for Defendant Unified Government of Wyandotte County and Kansas City, Kansas  
</div>

## Certificate of Service

I hereby certify that on February 16, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

William J. Skepnek, KS #10149 | THE SKEPNEK LAW FIRM, PA
1 Westwood Road | Lawrence, Kansas 66044
Tel: (785) 856-3100 | Fax: (785) 856-3099 | bskepneklaw.com

Frankie J. Forbes, KS #20725 | Quentin M. Templeton, KS #26666 | Anne C. Emert, KS #22144
FORBES LAW GROUP, LLC | 12900 Metcalf Avenue, Suite 210 | Overland Park, Kansas 66213
Tel: (913) 341-8600 | Fax: (913) 341-8606
fforbes@forbeslawgroup.com | qtempleton@forbeslawgroup.com | aemert@forbeslawgroup.com

Brennan P. Fagan, #20430 | Jennifer R. Johnson, #22096 | FAGAN & EMERT, LLC
800 New Hampshire Street, Suite 110 | Lawrence, Kansas 66044
Tel: (85) 331-0300 | Fax: (785) 331-0303 | bfagan@faganemert.com | jjohnson@faganemert.com
**Attorneys for Plaintiff**

<div style="text-align: right;">s/David R. Cooper</div>